KING, JUSTICE, DISSENTING:
 

 ¶ 30. Because imposing a life sentence without possibility of parole on a juvenile offender is the harshest punishment permitted by law and is akin to capital punishment, I respectfully dissent with the majority's holding that the appropriate standard of review in this case is abuse of discretion. In addition, I join Chief Justice Waller's opinion that the trial court failed to address the
 
 Miller v. Alabama
 
 factors.
 
 [2]
 

 ¶ 31. The severe nature of capital-punishment cases necessitates a heightened-scrutiny standard of review.
 
 Batiste v. State
 
 ,
 
 184 So.3d 290
 
 , 292 (Miss. 2016). The United States Supreme Court also has recognized the severity of sentencing a juvenile offender to life in prison without the possibility of parole and has likened juvenile life-without-parole sentences to capital punishment:
 

 [L]ife without parole sentences share some characteristics with death sentences that are shared by no other sentences. The State does not execute the offender sentenced to life without parole, but the sentence alters the offender's life by a forfeiture that is irrevocable. It deprives the convict of the most basic liberties without giving hope of restoration, except perhaps by executive clemency-the remote possibility of which does not mitigate the harshness of the sentence. As one court observed in overturning a life without parole sentence for a juvenile defendant, this sentence "means denial of hope; it means that good behavior and character improvement are immaterial; it means that whatever the future might hold in store for the mind and spirit of [the convict], he will remain in prison for the rest of his days."
 

 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 , 69-70,
 
 130 S.Ct. 2011
 
 , 2027,
 
 176 L.Ed.2d 825
 
 (2010),
 
 as modified
 
 (July 6, 2010) (internal citations omitted);
 
 see also
 
 Natalie Pifer,
 
 Is Life the Same As Death?: Implications of Graham v. Florida, Roper v. Simmons, and Atkins v. Virginia on Life Without Parole Sentences for Juvenile and Mentally Retarded Offenders
 
 ,
 
 43 Loy. L. Rev. 1495
 
 , 1531 (2010) ("Both execution and life without parole sentences permanently remove an individual from society by placing that person in a prison to await his or her death....").
 

 ¶ 32. Imposition of a life-without-parole sentence for a juvenile is the "harshest possible penalty" and is permissible only for "the rarest of juvenile offenders."
 
 Montgomery v. Louisiana
 
 , --- U.S. ----,
 
 136 S.Ct. 718
 
 , 733-34,
 
 193 L.Ed.2d 599
 
 (2016),
 
 as revised
 
 (Jan. 27, 2016). In fact, the Supreme Court has held mandatory life sentences for juveniles to be unconstitutional.
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 , 471,
 
 132 S.Ct. 2455
 
 , 2464,
 
 183 L.Ed.2d 407
 
 (2012). "Because juveniles have diminished culpability and greater prospects for reform, ... 'they are less deserving of the most severe punishments.' "
 

 Id.
 

 (quoting
 
 Graham
 
 ,
 
 560 U.S. at 60-61
 
 ,
 
 130 S.Ct. 2011
 
 . Even when juveniles commit terrible crimes, the "distinctive attributes of youth
 diminish the penological justifications for imposing the harshest sentences."
 
 Id.
 
 at 472,
 
 132 S.Ct. 2455
 
 .
 

 ¶ 33. Therefore, I believe that sentencing a juvenile who is " 'more vulnerable ... to negative influences and outside pressures,' including from their family and peers," to die in prison necessitates the same heightened standard as capital punishment.
 
 Graham
 
 ,
 
 560 U.S. at 68
 
 ,
 
 130 S.Ct. 2011
 
 (quoting
 
 Roper v. Simmons
 
 ,
 
 543 U.S. 551
 
 ,
 
 125 S.Ct. 1183
 
 ,
 
 161 L.Ed.2d 1
 
 (2005) );
 
 see also
 

 People v. Hyatt
 
 ,
 
 316 Mich.App. 368
 
 ,
 
 891 N.W.2d 549
 
 , 577 (2016) ("[T]he imposition of a life-without-parole sentence on a juvenile requires a heightened degree of scrutiny regarding whether a life-without-parole sentence is proportionate to a particular juvenile offender, and even under this deferential standard, an appellate court should view such a sentence as inherently suspect.") ). A heightened standard of review would serve only to ensure that solely the rarest and most deserving of juveniles would be sentenced to such a severe punishment.
 

 ¶ 34. Accordingly, because sentencing a juvenile to die in prison is the harshest possible penalty available by law and should be imposed only in the rarest cases, I dissent and would find that a trial court's decision to sentence a juvenile to life without parole should be reviewed with the same heightened scrutiny that applies in capital-punishment cases.
 

 KITCHENS, P.J., JOINS THIS OPINION.
 

 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012).